IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rayvern Earl Green, | C/A No. 6:13-2486-JMC-KFM |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| M. McCall, Warden; Michael McCall; A.J. Padula, Warden, | |
| Defendants. | |

## Background

This *pro se* Plaintiff brings a civil action based on his prison conditions and physical injuries he received while he was incarcerated at Lee Correctional Institution ("LCI"), and he names two alleged prior wardens of LCI as the Defendants.[1] Compl. 1–5. Because Plaintiff filed this action on a state prisoner complaint form alleging that LCI was his prison but it appeared from other allegations that he was no longer incarcerated, this court propounded special interrogatories to Plaintiff to confirm his status as a prisoner (doc. 8). Plaintiff answered the special interrogatories (doc. 12), and he explained that he was released from prison on August 1, 2012; thus, because Plaintiff filed this lawsuit after he was released from prison, the Prison Litigation Reform Act does not apply to this action.[2]

Plaintiff alleges he was incarcerated at LCI while Defendant A.J. Padula was the warden of LCI, and he alleges during that time he slipped and fell while in the shower thereby breaking his arm. Compl. 3. He alleges he fell because there were no proper mats or handrails in the showers. *Id.* Further, he alleges that after he fell, Padula had the

---

[1] M. McCall, Warden and Michael McCall refer to the same individual.

[2] *Cofield v. Bowser*, 247 F. App'x 413 (4th Cir. Sept. 14, 2007).

shower doors taken down and rubber mats placed inside each shower. *Id.* He alleges that Padula is responsible for this first arm injury. *Id.*

Plaintiff alleges that on July 18, 2012, M. McCall was the warden of LCI when Plaintiff suffered a second arm injury. *Id.* He alleges on July 18, 2012, he was about to complete his prison time, he had a privilege or right to be removed from the most dangerous dorm or yard, and he should not have been in the most dangerous dorm or yard but he was being held there. *Id.* He alleges the same arm was re-broken apparently at the hands of other inmates when they opened his cell door and dragged him out, and the arm is now "in a deformity position." *Id.* 3–4. He alleges a correctional officer saw the inmates drag him out of his cell. *Id.* Further, he alleges that "M. McCall treated me like I committed the crime. . . and the warden should have moved me like he done the rest." *Id.* Plaintiff seeks monetary damages and/or another surgery to repair his arm again.[3] *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant,

---

[3] Plaintiff has filed two prior related lawsuits in this court based on similar facts. *See* Order, *Green v. McCall*, C/A No. 6:13-503-JMC-KFM (D.S.C. May 21, 2013), ECF No. 17; Order, *Green v. Padula*, C/A No. 6:11-2196-JMC-KFM (D.S.C. Aug. 23, 2012), ECF No. 18. Both prior lawsuits were dismissed without prejudice.

Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff apparently brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights, he fails to state a plausible claim on which relief may be granted. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (explaining to assess the Complaint's plausibility all of the factual allegations contained therein must be accepted as true); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Presumably as to Plaintiff's first arm injury, he brings suit against Padula based on a violation of the Eighth Amendment alleging the prison conditions in the LCI showers were unsafe. To state a cause of action that prison conditions violate the Eighth Amendment, a plaintiff must show (1) a serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials. *See Fuller v. Cnty. of Charleston*, 444 F. Supp. 2d 494, 497-98 (D.S.C. 2006). Plaintiff, however, does not allege any allegations of deliberate indifference by Padula nor does he allege any misconduct by Padula prior to Plaintiff's fall. He merely alleges that Padula had mats placed in the showers after Plaintiff's fall. *See De'Lonta* 708 F.3d at 525 (explaining that deliberate indifference requires that a prison official actually know of and disregard an objectively serious condition or risk of harm). Plaintiff's allegations against Padula at most sound in negligence, which is not actionable pursuant to 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986). Therefore, Plaintiff fails to state a claim on which relief may be granted against Padula.

Similarly, Plaintiff brings a claim based on a violation of the Eighth Amendment against McCall who allegedly was the warden of LCI on July 18, 2012, on the date of Plaintiff's second arm injury. Plaintiff alleges that he had a privilege or right to be removed from the most dangerous dorm or yard and McCall should have moved him out of the most dangerous dorm or yard as he had done for certain other inmates. He alleges he was attacked by other inmates after a correctional officer saw him dragged out of his cell, and the attack resulted in his second arm injury. A prisoner may state a claim for violation of the Eighth Amendment against a prison official for failure to protect his safety if the inmate can show he was incarcerated under conditions posing a substantial risk of

serious harm <u>and</u> if the prison official's state of mind was deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's allegations, however, do not state a plausible claim of deliberate indifference by McCall. Even if Plaintiff had a privilege or right to be removed from the most dangerous dorm or yard, Plaintiff does not allege that McCall knew that Plaintiff had such a privilege or right and McCall knew that Plaintiff needed to be removed from his location. In other words, Plaintiff does not allege that McCall was personally aware of a threat to Plaintiff's safety and disregarded it. *See De'Lonta* 708 F.3d at 525 (explaining that deliberate indifference requires that a prison official actually know of and disregard an objectively serious condition or risk of harm). Even if, as Plaintiff alleges, McCall should have moved him out of the most dangerous dorm or yard like he had done for certain other inmates, Plaintiff's allegations against McCall at most sound in negligence, which is not actionable pursuant to 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986). Therefore, Plaintiff fails to state a claim on which relief may be granted against McCall.

Additionally, because Plaintiff brings suit against two wardens of LCI, it appears that he may be suing them because they were supervisors or managers of persons who committed misconduct. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability."). Thus, Plaintiff fails to state a

claim on which relief may be granted as to both Defendants because he cannot sue them based on their status as supervisors.

## Recommendation

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

October 30, 2013  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).