# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Rayvern Earl Green, ) | |
| ) | Civil Action No. 6:13-cv-02486-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| M. McCall, Warden; Michael McCall; ) | |
| A.J. Padula, Warden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 18), filed October 30, 2013, recommending that the court summarily dismiss *pro se* Plaintiff Rayvern Earl Green's ("Plaintiff") Complaint (ECF No. 1). Plaintiff's complaint, filed under 42 U.S.C. § 1983, alleges unsafe conditions in prison showers resulting in a broken arm. *Id.* at 3. Plaintiff also alleges that a prison official failed to protect his safety. (ECF No. 1 at 3-4). Plaintiff has been granted leave to proceed *in forma pauperis* in this matter. (ECF No. 8). For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

Prior to filing his complaint, Plaintiff was incarcerated at the Lee Correctional Institution ("LCI"), a facility managed by the South Carolina Department of Corrections. (ECF No. 1 at 2; ECF No. 12). Plaintiff filed this action on September 16, 2013, asserting two separate

1

allegations of injury. Firstly, Plaintiff claimed that Defendant Padula was responsible for Plaintiff's fall in a shower that allegedly did not contain proper mats or handrails. (ECF No. 1 at 3). Plaintiff reasoned that Padula was responsible for his injury "because after my incident he did a mandatory institution lockdown and then had the prison workers…take down all shower doors and replace each shower with rubber mats." *Id.* Secondly, Plaintiff asserted that Defendant McCall, by not moving Plaintiff to a different area within the prison, caused him to suffer an additional arm injury. *Id.* Plaintiff explained that his arm was reinjured when inmates within his area used an unauthorized key to open his cell door and dragged him out of his cell. *Id.* at 4. Plaintiff requested relief in the form of compensation for his pain and suffering or at least compensation for an additional surgery on his arm. *Id.* at 5.

The magistrate judge issued the Report on October 30, 2013, recommending that the court dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 18 at 5-6). Construing Plaintiff's first claim regarding unsafe showers as a prison conditions challenge under the Eighth Amendment, the magistrate judge explained that Plaintiff must show (1) a serious deprivation of a human need; and (2) deliberate indifference to prison conditions by prison officials. *Id.* at 4 (citing *Fuller v. Cnty. of Charleston*, 444 F. Supp. 2d 494, 497-98 (D.S.C. 2006)). The Report found that Plaintiff did not allege deliberate indifference by Defendant Padula, and that at most, Plaintiff's accusations suggested negligence which is not cognizable under § 1983. (ECF No. 18 at 4) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The Report interpreted Plaintiff's second set of allegations as a claim of failure to prevent harm in violation of the Eighth Amendment. (ECF No. 18 at 4). The magistrate judge discussed that to establish this claim Plaintiff must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official's state of mind was

deliberately indifferent to Plaintiff's safety. *Id.* at 4-5 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Report concluded that Plaintiff's complaint did not state a plausible claim of deliberate indifference because Plaintiff did not assert that Defendant McCall disregarded a threat to Plaintiff's safety of which Defendant McCall was aware. (ECF No. 18 at 5). Moreover, the Report concluded as with Plaintiff's first claim, that at most, Plaintiff's allegations constituted a negligence claim which is not actionable under § 1983. *Id.* The magistrate judge further observed that to the extent Plaintiff seeks to hold Defendants (both wardens) liable as supervisors or managers pursuant to the doctrines of vicarious liability and respondeat superior, such liability is not applicable to § 1983 claims. *Id.*

On November 12, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 20). In his Objections, Plaintiff does not specifically object to the magistrate judge's conclusions regarding his unsafe shower claim. *See id*. at 1. However, in defense of his second claim, Plaintiff appears to argue that Defendant McCall was deliberately indifferent to his safety. *See id*. at 1-2. Plaintiff asserts that in the same month July 2012 in which he was dragged from his cell by fellow prisoners, an inmate in the Darlington South Dorm was brutally assaulted by several prisoners. *Id.* at 1. Plaintiff claims that the assaulted prisoner was his next door neighbor and that the prisoner had his throat sliced with a shank and nearly lost his life. *Id.*

In response to this attack on his neighbor, Plaintiff states that he made several attempts through the grievance process to obtain a hardship transfer or to otherwise be moved from his dorm. *Id.* at 2. Plaintiff alleges that Defendant McCall "frivolously and maliciously" ignored his safety concerns by transferring him to a cell with a blood gang member in the Darlington North Dorm and then with a cellmate who had been convicted of murder. *Id.* Plaintiff claims that he submitted inmate request forms to several correctional officers including Sgt. Pralu and Lt.

Goodman in an effort to be transferred to a different cell.  *Id.*  It appears that Plaintiff claims as a result of his not being transferred for a third time, he was "lynched by several gang members" and that he could have lost his life.  *Id.*   Plaintiff attached to his Objections a notice from a surgery center that he "has an orthopedic implant in [his] right wrist."  (ECF No. 20-1).

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce,* 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

Given the absence of a specific objection to the magistrate judge's findings regarding Plaintiff's unsafe shower claim, the court adopts the conclusions of the Report with respect to that claim. The court finds that Plaintiff's second claim that Officer McCall exercised deliberate indifference in not moving him is implausible on its face. Plaintiff makes the conclusory allegations that Defendant McCall "frivolously and maliciously" ignored his safety concerns, yet in his Objections Plaintiff acknowledges that he was transferred twice in response to his safety requests. Furthermore, Plaintiff has not alleged any facts about his last placement with the convicted murderer from which the court can reasonably infer that Defendant McCall was aware of any danger. Finally, Plaintiff asserts in his Objections that he was "lynched" while in his complaint he claims that he was dragged. In light of the differing accounts, the court cannot even ascertain the underlying event upon which Plaintiff's claim is predicated.

Therefore, the court finds Plaintiff's Objections lack merit.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 18). This action is thereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 10, 2014
Greenville, South Carolina

5